

NUMBER 13-11-00008-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDWARD DOUGLAS, INDIVIDUALLY, AND
BARRY JAMES MORGAN, INDIVIDUALLY,
AND D/B/A CONCRETE STRUCTURES,                     Appellants,

v.

WAYNE NEAL, INDIVIDUALLY, AND D/B/A
MIRAGE CONSTRUCTION COMPANY,                       Appellee.

On appeal from the 267th District Court
of Calhoun County, Texas.

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Vela
Memorandum Opinion Per Curiam

Appellants, Edward Douglas, Individually, and Barry James Morgan, Individually, and d/b/a Concrete Structures, attempted to perfect an appeal from a judgment entered by the 267th District Court of Calhoun County, Texas, in cause number 09-02-0679.

The trial court entered a final judgment in this cause on October 5, 2010. A motion for new trial was filed on November 5, 2011, and notice of appeal was filed on January 4, 2011.

On January 7, 2011, the Clerk of this Court notified appellants that it appeared that the notice of appeal was late because the motion for new trial was untimely. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellants have not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.* Appellants' deadline for filing the motion for new trial was November 4, 2010. The motion for new trial was untimely because it was filed on November 5, 2010. Accordingly, appellants' notice of appeal was due to have been filed on or before November 4, 2010. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of

2

jurisdiction.  Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.  *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
7th day of March, 2011.

3